1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 8:23-cv-0699-JWH-ADS |
| Plaintiff, | |
| v. | **ORDER ENTERING STIPULATION FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF AS TO BRANDON CLORES, KISHAN BHAKTA, AND BCO CONSULTING SERVICES, INC.** |
| BCO CONSULTING SERVICES, INC., a California corporation, SLA CONSULTING SERVICES, INC., a California corporation, GIANNA OLILANG, individually and as an officer of BCO Consulting Services, Inc., and SLA Consulting Services, Inc., BRANDON CLORES, individually and as an officer of BCO Consulting Services, Inc., KISHAN BHAKTA, individually and as an officer of BCO Consulting Services, Inc., ALLAN RADAM, individually and as an officer of SLA Consulting Services, Inc. | |
| Defendants. | |

1   Plaintiff, the Federal Trade Commission (the "FTC"), filed its
2   Complaint for Permanent Injunction, Monetary Relief, and Other Relief
3   ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade
4   Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the
5   Telemarketing and Consumer Fraud and Abuse Prevention Act (the
6   "Telemarketing Act"), and Section 522(a) of the Gramm-Leach-Bliley Act (the
7   "GLB Act"), 15 U.S.C. § 6822(a).  The FTC and Defendants Brandon Clores,
8   Kishan Bhakta, and BCO Consulting Services, Inc. (collectively, the "Settling
9   Defendants") stipulate to the entry of the concurrently lodged [Proposed]
10  Stipulated Order for Permanent Injunction, Monetary Relief, and Other Relief
11  (the "Order") to resolve all matters in dispute in this action between them.

## I.  FINDINGS

13  Therefore, good cause appearing, the Court hereby makes the following
14  **FINDINGS**:

15      A.    This Court has jurisdiction over this matter.

16      B.    The Complaint charges that Defendants participated in deceptive
17  acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),
18  the Telemarketing Sales Rule (the "TSR"), 16 C.F.R. Part 310, and Section 521
19  of the GLB Act, 15 U.S.C. § 6821, in the deceptive marketing and sale of student
20  loan debt relief services.

21      C.    Only for purposes of this action, the Settling Defendants admit the
22  facts necessary to establish jurisdiction.

23      D.    Defendants waive any claim that they may have under the Equal
24  Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this
25  action through the date of this Order, and agree to bear their own costs and
26  attorney fees.

27      E.    The Settling Defendants waive all rights to appeal or otherwise
28  challenge or contest the validity of this Order.

-2-

## II.  DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "Assisting Others" includes:

1.      performing customer service functions, including receiving or responding to consumer complaints;

2.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.      formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.      providing names of, or assisting in the generation of, potential customers;

5.      performing marketing, billing, payment processing, or payment services of any kind; or

6.      acting or serving as an owner, officer, director, manager, or principal of any entity.

B.      "Defendants" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

1.      "Corporate Defendant(s)" means BCO Consulting Services, Inc. ("BCO") and SLA Consulting Services Inc. ("SLA"), and each of their subsidiaries, affiliates, successors, and assigns.

2.      "Individual Defendant(s)" means Gianni Olilang, Brandon Clores, Kishan Bhakta, and Allan Radam, individually, collectively, or in any combination.

3.      "Settling Defendants" means Brandon Clores, Kishan Bhakta, and BCO (along with its subsidiaries, affiliates, successors, and assigns), individually, collectively, or in any combination.

4.      "Settling Individual Defendant(s)" means Brandon Clores and Kishan Bhakta, individually, collectively, or in any combination.

5.      "Settling Corporate Defendant(s)" means BCO and each of its subsidiaries, affiliates, successors, and assigns.

C.      "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

D.      "Receiver" means Thomas W. McNamara.

E.      "Receivership Entity(ies)" means the Settling Corporate Defendant(s), as well as any other entity that has conducted any business related to the Settling Defendants' student loan debt relief services business, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and which the Receiver has reason to believe is owned or controlled in whole or in part by any Settling Defendant.

F.      "Secured or Unsecured Debt Relief Product or Service" means:

1.      With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication:

a.      to stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

     b.     to negotiate, obtain, or arrange a modification, or renegotiate, settle, reduce, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

     c.     to obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

     d.     to negotiate, obtain, or arrange any extension of the period of time within which a person may:

          i.     cure his or her default on the mortgage, loan, debt, or obligation,

          ii.     reinstate his or her mortgage, loan, debt, or obligation,

          iii.     redeem a dwelling or other collateral, or

          iv.     exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

     e.     obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

     f.     negotiate, obtain, or arrange:

          i.     a short sale of a dwelling or other collateral,

          ii.     a deed-in-lieu of foreclosure, or

          iii.     any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

g.    With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication:

a.    to repay one or more unsecured loans, debts, or obligations; or

b.    to combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

G.    "Telemarketing" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate telephone call.

## III.  ORDER

In view of the foregoing, it is hereby **ORDERED** as follows:

1.    The Settling Defendants are permanently **RESTRAINED** and **ENJOINED** from advertising, marketing, promoting, offering for sale, selling, or Assisting Others in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or Unsecured Debt Relief Product or Service.

2.    The Settling Defendants are permanently **RESTRAINED** and **ENJOINED** from participating in Telemarketing, whether directly or through an intermediary, and including by consulting, brokering, planning, investing, or advising others regarding Telemarketing.

3.    The Settling Defendants and Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting

directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program are permanently **RESTRAINED** and **ENJOINED** from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

      a.     any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

      b.     that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program;

      c.     the nature, expertise, position, or job title of any Person who provides any product, service, plan, or program;

      d.     that the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing negative information from the consumer's credit record or history, even where such information is accurate and not obsolete;

      e.     That a consumer will save money; or

      f.     any other fact material to consumers concerning any good or service, such as: the total costs; any restrictions, limitations, or conditions; or any aspect of its performance, efficacy, nature, or central characteristics.

4.     The Settling Defendants and Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting,

offering for sale, or selling of any product, service, plan, or program are permanently **RESTRAINED** and **ENJOINED** from making any representation or Assisting Others in making any misrepresentation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, and, at the time such representation is made, that the Settling Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

5. The Settling Defendants and Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly are permanently **RESTRAINED** and **ENJOINED** from:

a. obtaining, or attempting to obtain customer information of a financial institution (including bank account routing number, account number, or log-in credentials) from a consumer by making false, fictitious, or fraudulent representations to any consumer or financial institution; or

b. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached as **ATTACHMENT A**.

6. Monetary Judgment and Partial Suspension:

a. Judgment in the amount of five million, eight hundred eighty-two thousand, seventy-two Dollars and four cents ($5,882,072.04) is entered in **FAVOR** of the FTC and **AGAINST** the Settling Defendants, jointly and severally, as monetary relief. The liability of the Settling Defendants for the judgment shall be joint and several with judgment against any other Defendants by separate order.

b.    The monetary judgment set out in Paragraph 6(a) above is enforceable against any asset, real or personal, whether located within the United States or outside the United States, owned jointly or singly by, on behalf of, for the benefit of, in trust by or for, or as a deposit for future goods or services to be provided to, any Settling Defendant, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property.

c.    In partial satisfaction of the judgment against the Settling Defendants:

i.    Defendant Clores shall, within twenty (20) days after the date of entry of this Order, either:

(1)    transfer to the FTC or its designated agent cash in the amount of $51,508; or

(2)    transfer to the Receiver title to the real property located at 7128 Black Sage Street, Las Vegas, NV 89119, in which case Defendant Clores shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.

Upon such transfer, the real property shall be an asset of the receivership estate, to be governed by Paragraph 10 of this Order.

ii.    Defendant Clores shall, within twenty (20) days after the date of entry of this Order, either:

(1)    transfer to the FTC or its designated agent cash in the amount of $7,238;

(2)    transfer to the Receiver title to the 2006 Porsche Cayman S disclosed on his financial statement, in which case Defendant Clores shall cooperate fully with the

Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.

Upon such transfer, the real property shall be an asset of the receivership estate, to be governed by Paragraph 10 of this Order.

     iii.    Defendant Bhakta shall, within twenty (20) days after the date of entry of this Order, either:

         (1)    transfer to the FTC or its designated agent cash in the amount of $5,682 or

         (2)    transfer to the Receiver title to the 2021 Toyota Rav4 SUV disclosed on his financial statement, in which case Defendant Bhakta shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.

Upon such transfer, the real property shall be an asset of the receivership estate, to be governed by Paragraph 10 of this Order.

     iv.    Defendant Bhakta shall, within twenty (20) days after the date of entry of this Order, either:

         (1)    transfer to the FTC or its designated agent cash in the amount of $7,850; or

         (2)    transfer to the Receiver title to the 2015 Volkswagen Jetta disclosed on his financial statement, in which case Defendant Bhakta shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect such transfer.

Upon such transfer, the real property shall be an asset of the receivership estate, to be governed by Paragraph 10 of this Order.

v.    In addition to the amounts set forth in Paragraphs 6(c)(i)-(iv) above, any financial or brokerage institution, payment processor, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or for the benefit of, any Receivership Entity, whether real or personal, whether located within the United States or outside the United States, shall, within ten (10) business days from receipt of a copy of this Order, turn over such accounts or assets to the Receiver or his designated agent.

vi.    In addition to the amounts set forth in Paragraphs 6(c)(i)-(v) above, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or for the benefit of, any Settling Individual Defendant, whether real or personal, whether located within the United States or outside the United States, shall, within ten (10) business days from receipt of a copy of this order, liquidate and turn over such account or asset to the FTC or its designated agent, including, but not limited to:

(1)    JPMorgan Chase Bank, N.A. ("Chase") shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxx8089 in the name of Brandon Clores;

-11-

(2)     Chase shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx3957 in the name of Brandon Clores;

(3)     Chase shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxx0392 in the name of Brandon Clores and Palladion LLC;

(4)     Chase shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx7772 in the name of Kishan Bhakta;

(5)     Chase shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx2437 in the name of Kishan Bhakta;

(6)     Chase shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx7772 in the name of Kishan Bhakta;

(7)     Bank of America, NA ("Bank of America") shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx9144 in the name of Brandon Clores;

(8)     Bank of America shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx1992 in the name of Kishan Bhakta;

-12-

(9)    Bank of America shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx6655 in the name of Kishan Bhakta;

(10)    Navy Federal Credit Union ("Navy Federal") shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx3187 in the name of Kishan Bhakta;

(11)    Navy Federal shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx4111 in the name of Brandon Clores;

(12)    Navy Federal shall, within ten (10) days of receipt of a copy of this Order, transfer to the FTC or its designated agent all holdings in account number xxxx1642 in the name of Brandon Clores;

(13)    TD AmeriTrade shall, within ten (10) days of receipt of a copy of this Order, liquidate and transfer to the FTC or its designated agent all holdings in account number xxx6822 in the name of Brandon Clores;

(14)    TD AmeriTrade shall, within ten (10) days of receipt of a copy of this Order, liquidate and transfer to the FTC or its designated agent all holdings in account number xxxx9011 in the name of Kishan Bhakta;

(15)    TD AmeriTrade shall, within ten (10) days of receipt of a copy of this Order, liquidate and transfer to the FTC or its designated agent all holdings in account number xxxx1620 in the name of Kishan Bhakta;

(16)    Webull Financial LLC ("Webull") shall, within ten (10) days of receipt of a copy of this Order, liquidate and transfer to the FTC or its designated agent all holdings in account number xxxx5717 in the name of Kishan Bhakta; and

(17)    Webull shall, within ten (10) days of receipt of a copy of this Order, liquidate and transfer to the FTC or its designated agent all holdings in account number xxxx1247 in the name of Brandon Clores.

d.    Upon such payment and all other asset transfers, as set forth in Paragraph 6(c) above and Paragraph 7 below, the remainder of the judgment is suspended, subject to the Paragraphs below.

e.    The asset freeze is modified to permit the transfers and liquidations identified in this Paragraph.  Upon completion of those transfers and liquidations, the asset freeze as to the Settling Defendants is dissolved.

f.    The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Settling Defendants' sworn financial statements and related documents (collectively, the "financial representations") submitted to the FTC, namely:

i.    the Financial Statement of Individual Defendant Brandon Clores signed on May 9, 2023, including the attachments;

ii.    the Financial Statement of Individual Defendant Kishan Bhakta signed on May 11, 2023, including the attachments;

iii.    the Financial Statement of Corporate Defendant BCO Consulting Services, Inc. signed by Kishan Bhakta on July 24, 2023, including the attachments;

iv.      the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated May 11, 2023, and enclosing:

(1)      the Addendum to Brandon Clores' Disclosures signed May 11, 2023; and

(2)      account statements associated with Chase accounts in the name of Brandon Clores;

v.      the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated May 26, 2023, regarding transactions in a Bank of America account ending in xxxx7772 in the name of Kishan Bhakta;

vi.      the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated June 4, 2023, and attaching:

(1)      bank statements associated with a Bank of America account in the name of Kishan Bhakta; and

(2)      account statements associated with a Webull Financial account in the name of Kishan Bhakta;

vii.      the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated June 11, 2023, and enclosing account statements associated with a TD Ameritrade account in the name of Kishan Bhakta;

viii.      the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated June 25, 2023, and enclosing:

(1)    a supplemental financial disclosure form for Brandon Clores bearing a date of May 9, 2023; and

(2)    account statements associated with Navy Federal Credit Union accounts in the name of Brandon Clores;

ix.    the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated July 25, 2023, and enclosing a statement from Navy Federal Credit Union associated with an account in the name of Brandon Clores; and

x.    the additional documentation submitted by email from Settling Defendants' counsel Brent Phillips to FTC counsel Katherine Aizpuru dated July 30, 2023, and enclosing statements from BMW Financial Services associated with an account in the name of Kishan Bhakta.

g.    The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the FTC, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

h.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Paragraph 6(a) above (which the parties stipulate, only for purposes of this Paragraph, represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Paragraph, plus interest computed from the date of entry of this Order.

7.    <u>Additional Monetary Provisions</u>:

a.  The Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

b.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

c.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

d.  The Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which the Settling Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

e.  All money received by the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the FTC may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to the Settling Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  The

Settling Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subparagraph.

8.     The Settling Defendants, Settling Defendants' officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently **RESTRAINED** and **ENJOINED** from directly or indirectly:

a.     Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress. The Settling Defendants represent that they have provided this redress information to the FTC.  If a representative of the FTC requests in writing any information related to redress, the Settling Defendants must provide it, in the form prescribed by the FTC, within fourteen (14) days.

b.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, FSA ID, other identifying information, or any data that enables access to a customer's account (including a student loan account, credit card, bank account, or other financial account) that any Settling Defendant obtained prior to entry of this Order in connection with the marketing or sale of Secured or Unsecured Debt Relief Products or Services; and

c.     Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

9.     The Settling Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the

-18-

transactions or the occurrences that are the subject of the Complaint.  The Settling Defendants must provide truthful and complete information, evidence, and testimony.  Settling Individual Defendants must appear and Settling Corporate Defendants must cause the Settling Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a FTC representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a FTC representative may designate, without the service of a subpoena.

10.     Thomas McNamara, Esq., shall continue as a permanent receiver over the Receivership Entities with full powers of a permanent receiver, including but not limited to those powers set forth in the Preliminary Injunction [ECF No. 55].  The Receiver is directed to wind up the Receivership Entities and liquidate all assets within 180 days after entry of this Order.  Any party or the Receiver may request that the Court extend the Receiver's term for good cause.  Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

11.     The Settling Defendants shall obtain acknowledgments of receipt of this Order, as follows:

a.     Each Settling Defendant, within seven (7) days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

b.     For twenty (20) years after entry of this Order, each Settling Individual Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant, must deliver a copy of this Order to:

          i.      all principals, officers, directors, and LLC managers and members;

          ii.      all employees having managerial responsibilities for Secured or Unsecured Debt Relief Products or Services, and all agents and representatives who participate in the Secured or Unsecured Debt Relief Products or Services; and

          iii.      any business entity resulting from any change in structure as set forth in Paragraph 12. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

    c.      From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

12.     The Settling Defendants shall make timely submissions to the FTC, as follows:

    a.      One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

          i.      Each Settling Defendant must:

              (1)      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with the Settling Defendant;

              (2)      identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

(3)    describe the activities of each business,
including the goods and services offered, the means of
advertising, marketing, and sales, and the involvement of any
other Settling Defendant (which the Settling Individual
Defendants must describe if they know or should know due
to their own involvement);

(4)    describe in detail whether and how that Settling
Defendant is in compliance with each Paragraph of this
Order; and

(5)    provide a copy of each Order Acknowledgment
obtained pursuant to this Order, unless previously submitted
to the FTC.

ii.    Additionally, each Settling Individual Defendant must:

(1)    identify all telephone numbers and all physical,
postal, email and Internet addresses, including all residences;

(2)    identify all business activities, including any
business for which such Settling Defendant performs
services whether as an employee or otherwise and any entity
in which such Settling Defendant has any ownership interest;
and

(3)    describe in detail such Settling Defendant's
involvement in each such business, including title, role,
responsibilities, participation, authority, control, and any
ownership.

b.    For twenty (20) years after entry of this Order, each Settling
Defendant must submit a compliance notice, sworn under penalty of
perjury, within fourteen (14) days of any change in the following:

i.    Each Settling Defendant must report any change in:

(1)     any designated point of contact; or

(2)     the structure of any Settling Corporate Defendant or any entity that any Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

ii.     Additionally, each Settling Individual Defendant must report any change in:

(1)     name, including aliases or fictitious name, or residence address; or

(2)     title or role in any business activity, including any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

c.     Each Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

d.     Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

-22-

e.      Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. BCO Consulting Services, Inc., *et al.*, X230027.

13.      The Settling Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years. Specifically, each Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Settling Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

a.      accounting records showing the revenues from all goods or services sold;

b.      personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

c.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

d.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

e.      a copy of each unique advertisement or other marketing material.

14.      For the purpose of monitoring the Settling Defendants' compliance with this Order, including the financial representations upon which part of the

judgment was suspended and any failure to transfer any assets as required by this Order:

   a.    Within fourteen (14) days of receipt of a written request from a representative of the FTC, each Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Rules 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69 of the Federal Rules of Civil Procedure.

   b.    For matters concerning this Order, the FTC is authorized to communicate directly with each Settling Defendant. The Settling Defendants must permit representatives of the FTC to interview any employee or other Person affiliated with any Settling Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

   c.    The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with the Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

   d.    Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Settling Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

15.    This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:    October 24, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-25-