UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BCO CONSULTING SERVICES, INC., a California corporation,;<br>SLA CONSULTING SERVICES INC., a California corporation,;<br>GIANNI OLILANG, individually and as an officer of BCO Consulting Services, Inc., and SLA Consulting Services, Inc.;<br>BRANDON CLORES, individually and as an officer of BCO Consulting Services, Inc.;<br>KISHAN BHAKTA, individually and as an officer of BCO Consulting Services, Inc.; and<br>ALLAN RADAM, individually and as an officer of SLA Consulting Services Inc.,<br><br>    Defendants. | Case No. 8:23-cv-00699-JWH-ADS<br><br>**ORDER REGARDING RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH NON-PARTY PAYMENT AUTOMATION NETWORK, INC. AND ALLOCATION OF PROCEEDS [ECF No. 72]** |

Before the Court is the unopposed[1] motion of Thomas W. McNamara (the "Receiver") to approve the Settlement Agreement and Mutual Release between the Receiver and Payment Automation Network, Inc. ("PAN"), and to approve the Receiver's proposed allocation of settlement proceeds.[2] The Court considers this matter to be appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. The Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

## I. BACKGROUND

### A. FTC Action

#### 1. The Complaint

In April 2023, Plaintiff Federal Trade Commission ("FTC") filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), and Section 522(a) of the Gramm-Leach-Bliley Act (the "GLB Act"), 15 U.S.C. § 6882(a).[3]

#### 2. Temporary Restraining Order and Preliminary Injunction

In May 2023, the FTC applied for an *ex parte* temporary restraining order seeking an asset freeze, the appointment of a temporary receiver, and other equitable relief.[4] The Court entered a temporary restraining order and

---

[1] Pl.'s Statement of Non-Opposition to Receiver's Motion to Approve Settlement Agreement with Non-Party Payment Automation Network, Inc. and Allocation of Proceeds [ECF No. 73].

[2] Mot. to Approve Settlement Agreement with Non-Party Payment Automation Network, Inc. and Allocation of Proceeds (the "Motion") [ECF No. 72].

[3] *See generally* Compl. (the "Complaint") [ECF No. 1].

[4] Pl.'s App. for (1) Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and (2) Order Waiving Notice Requirement [ECF No. 9].

appointed the Receiver as temporary receiver of the Receivership Entities.[5] The Court subsequently entered a stipulated preliminary injunction[6] and confirmed the Receiver's appointment.[7]

### 3. Resolution of the Action

In October 2023, the Court issued an Order for Permanent Injunction, Monetary Relief, and Other Relief, which resolved all matters in dispute in this action between the FTC and Defendants.[8]

## B. The Receiver

### 1. Pre-Litigation Activity

During the course of the Receiver's investigation in this action, and in a related action,[9] the Receiver "identified potential claims against a third-party payment processor, PAN."[10] In August 2023, the Receiver sent a detailed pre-litigation demand letter to PAN, attaching documentary evidence supporting his demand.[11] For several months, the Receiver and PAN exchanged substantive letters outlining their respective positions.[12]

### 2. Settlement Agreement

In December 2023, the parties reached a mutually agreeable settlement, following a full-day virtual mediation.[13]

---

[5] Amended *Ex Parte* Temporary Restraining Order With Asset Freeze, Appointment of Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue [ECF No. 32].

[6] Ord. Entering Stipulated Preliminary Injunction [ECF No. 55].

[7] *Id.*

[8] Ord. Entering Stipulation for Permanent Injunction, Monetary Relief, and Other Relief as to Brandon Clores, Kishna Bhakta, and BCO Consulting Services, Inc. [ECF No. 70].

[9] *FTC v. SL Finance LLC*, Case No. 8:23-cv-00698-JWH (ADSx) (the "SL Finance Case").

[10] Motion 2:8-9.

[11] *Id.* at 2:14-15.

[12] *Id.* at 2:16-18.

[13] *Id.* at 2:19-22.

The general terms of the proposed settlement are as follows:

- PAN shall pay to the Receiver $425,000.00 (the "Settlement Amount") in 30 monthly payments.[14]
- The Receiver is provided with a Confession of Judgment, in an amount still outstanding at the time of the breach by PAN and its principal, Kenneth Martinez, which can be entered immediately against PAN and Martinez in the event of a default.[15]
- The Receiver has the right to direct all post-receivership payment payments to be made directly to the FTC, and the agency will have all rights to enforce the settlement, as if it was a party to the agreement.[16]

The Receiver notes that the settlement agreement does not allocate funds between the instant matter and the SL Finance Case.[17] The Receiver submits that the appropriate allocation of the proceeds between the cases, based upon the fees charged in these cases, should be 75% in the instant case and 25% in the SL Finance Case.[18]

## II. LEGAL STANDARD

A "district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *S.E.C. v. Cap. Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (citation omitted). The Local Rules provide that, "[e]xcept as otherwise ordered by the Court, a receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy." L.R. 66-8. Therefore, courts "turn[] to bankruptcy

---

[14] *Id.* at 2:26-3.1; *id.*, Ex. 1 (the "Settlement Agreement") [ECF No. 58-3] ¶ 3.1.
[15] Motion 3:6-9; Settlement Agreement ¶ 4.
[16] Motion 3:11-16; Settlement Agreement ¶ 6.
[17] Motion 3:20-22.
[18] *Id.* at 3:22-4:4.

caselaw for guidance." *Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, 2016 WL 11752897, at *2 (C.D. Cal. Dec. 15, 2016).

"Before approving a settlement agreement, the bankruptcy court is charged with considering the fairness, reasonableness, and adequacy of the agreement." *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (internal quotation marks and citation omitted). To make that determination, bankruptcy courts consider the following factors: (1) the probability of success in the litigation; (2) the difficulties to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *See id.* (citation omitted).

### III. ANALYSIS

The Court concludes that the settlement agreement is fair, reasonable, and in the best interests of the receivership estate. The settlement agreement provides a recovery that is proportionate to the successful prosecution of this action, when considering the time, risk, and expense of litigation.

Further, the Court approves the Receiver's request to allocate 25% of the settlement proceeds to the receivership estate in the SL Finance Case and to allocate 75% of the proceeds to the receivership estate in the instant case. The Court shall retain jurisdiction over the interpretation and enforcement of the Settlement Agreement.

### IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Motion is **GRANTED**.
2. The Settlement Agreement between the Receiver and Payment Automation Network, Inc. is **APPROVED** in its entirety.

       3.      The settlement proceeds to the receivership estate will be allocated as follows:

           a.      25% of the proceeds to the receivership estate in *FTC v. SL Finance LLC*, Case No. 8:23-cv-00698-JWH (ADSx); and

           b.      75% of the proceeds to the receivership in the instant case.

**IT IS SO ORDERED.**

Dated: July 17, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-6-